IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01122-BNB

LOUIS MAYFIELD,

    Applicant,

v.

TIM HAND, Deputy Director (CBOP),
COLORADO BOARD OF PAROLE, and
ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 6 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Louis Mayfield, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Mayfield filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the habeas corpus application liberally because Mr. Mayfield is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mayfield will be ordered to file an amended application.

The Court has reviewed the application and finds that the application is deficient. Mr. Askew's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas

corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Mayfield has filed a confusing habeas corpus application by using the Court-approved form for filing an action pursuant to 28 U.S.C. § 2254, which challenges the validity of his conviction and sentence, to assert claims pursuant to 28 U.S.C. § 2241, which challenge the execution of that conviction and sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Because Mr. Mayfield only asserts claims challenging the execution of his sentence, i.e., the decision by the Colorado Board of Parole to deny him parole, he will be directed to use the proper form for pursuing a habeas corpus action pursuant to § 2241. The § 2241 application Mr. Mayfield will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8 and, if available, should include copies of any papers he received at or following his April 23, 2007, hearing before the Colorado parole board. Accordingly, it is

ORDERED that Mr. Mayfield file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mayfield, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Mayfield fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED July 6, 2007, at Denver, Colorado.

                BY THE COURT:

                s/ Boyd N. Boland
                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01122-BNB

Louis Mayfield
Prisoner No. 68537
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 7/6/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk